UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAURICIO PENATE, | No. 2:20-cv-0228-EFB P |
| Plaintiff, | |
| v. | ORDER |
| H. ZHOU, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF Nos. 2, 4.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).

3  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4  of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10  U.S. 662, 679 (2009).

11  To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13  action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15  678.

16  Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18  content that allows the court to draw the reasonable inference that the defendant is liable for the
19  misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23  **III.   Screening Order**

24  Plaintiff alleges that defendant Zhou, a registered nurse at plaintiff's institution of
25  incarceration, was deliberately indifferent to plaintiff's serious medical needs in violation of the
26  Eighth Amendment on August 28, 2019. According to plaintiff, on that date he was choking.
27  After efforts to stabilize him failed, medical provider Matthews directed defendant Zhou to
28  contact the ambulance service for a "Code-3" response. Plaintiff claims that in the next 19

minutes, Sergeant Rodriguez asked Zhou if he had told the ambulance dispatcher "that they were needed Code-3." Zhou said, "Yes." When the ambulance arrived, they were asked why it had taken them so long to respond to a Code-3. The paramedics allegedly replied that the caller had not requested a Code-3 response, but had instead simply stated that an ambulance was needed. Plaintiff alleges that, by failing to inform the ambulance dispatcher that a Code-3 response was required, Zhou extended plaintiff's suffering and placed his life at risk.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

To state an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A claim of negligence, even gross negligence constituting medical malpractice, does not establish deliberate indifference under the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

The allegations of the complaint do not show that Zhou acted with deliberate indifference. There are no facts in the complaint that would show that Zhou knew that he would place plaintiff at a risk of serious harm by not telling the dispatcher that a Code-3 response was necessary or

that, having such knowledge, he consciously chose not to ask for the Code-3 response. *See id.* at 1059 ("[T]here must be a *conscious* disregard of a serious risk of harm for deliberate indifference to exist.") (emphasis in original).

Thus, the complaint must be dismissed with leave to amend.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.  Summary of Order**

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Healthcare Facility – Stockton filed concurrently herewith.

3. The complaint is dismissed with leave to file an amended complaint within 30 days from the date of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: April 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE